UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clarence Buttrey,

    Plaintiff,

    v.    Case No. 1:11cv357

Commissioner of Social Security    Judge Michael R. Barrett

    Defendant.

**ORDER**

This matter is before the Court upon the Magistrate Judge's July 23, 2012 Report and Recommendation ("R&R") which recommends that this case be remanded under sentence four of 42 U.S.C. § 405(g).  (Doc. 9.)

Notice was given to the parties under 28 U.S.C. §636(b)(1)(c).  The Commissioner filed timely objections to the Magistrate Judge's R&R.  (Doc. 10.)

The Magistrate Judge found that the ALJ improperly credited the medical opinion of Dr. Mary Budan, a psychologist who reviewed the record and also testified as a medical expert at the hearing before the ALJ.  The Magistrate Judge noted that Dr. Budan testified that (1) alcohol consumption would increase Plaintiff's depression and anxiety; (2) Plaintiff had only mild mental impairments when he was drinking heavily, and moderate and marked mental limitations when his drinking decreased; and (3) if Plaintiff remained sober, it would not effect his mental functional limitations.  The Magistrate Judge noted that the ALJ failed to reconcile these inconsistencies or provide a rationale for accepting Dr. Budan's ambiguous testimony.  The Magistrate Judge concluded that the matter should

be remanded for further fact-finding. The Magistrate Judge noted that the ALJ's credibility assessment would also need to be reconsidered on remand.

The Commissioner objects, arguing that even if Dr. Budan's testimony was confusing, substantial evidence supports the ALJ's decision. The Commissioner points out that there was no treating source opinion in the record, and the ALJ properly weighed the medical opinions which were in the record.

The Court finds that a remand is warranted in this case, but for a somewhat different reason than stated by the Magistrate Judge. Under the Social Security Act "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(c). The applicable regulations state:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
>> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>>
>> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. §§ 404.1535(b), 416.935(b). As one district court has explained, this regulation is to be incorporated in the ALJ's analysis as follows:

> The ALJ must reach the determination regarding the claimant's disability initially using the standard five-step approach described in 20 C.F.R. § 404.1520 without segregating out any effects that might be due to substance use disorders. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001); *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001). Upon a finding that a claimant has severe impairments, the Regulations dictate that the ALJ next determine whether the claimant would still be disabled without the substance abuse. 20 C.F.R. § 404.1535 indicates that in making this determination, the ALJ should "evaluate which of [the] current physical and mental limitations, upon which [s/he] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling." If a claimant has drug abuse and alcoholism-related physical or psychological impairment(s), or a combination thereof, that are disabling even when drug or alcohol abuse has stopped, the claimant is disabled. Stated differently, if the limitations remaining after the drug and alcohol use has stopped are not disabling, the substance abuse is a contributing factor material to the disability. *Id.*

*Underwood v. Comm'r of Soc. Sec.*, 4:08cv2540, 2010 WL 424970 (N.D. Ohio Jan. 22, 2010).

Here, at step two, the ALJ found that Plaintiff's history of alcohol abuse was a severe impairment, but made no mention of the above analysis. Therefore, it is not clear whether the ALJ was making a determination regarding disability with or without considering the effects of Plaintiff's alcohol abuse.

Dr. Buban's testimony did provide some guidance on this issue. Dr. Budan testified that before June 2008, Plaintiff's alcohol abuse was "contributory." (Tr. 37-38.) Dr. Budan's written report shows the same. (Tr. 689.) However, as the Magistrate Judge pointed out, Dr. Budan's opinion regarding the impact of Plaintiff's alcohol abuse on his mental impairments is somewhat ambiguous. Dr. Budan indicated that Plaintiff only had mild mental impairments when he was drinking heavily and moderate and marked mental

limitations when his drinking increased.  (Tr. 689-692.)[1]

While the ALJ is not required to explicitly reference 20 C.F.R. § 404.1535 or 20 C.F.R. § 416.935, the ALJ must performed the analysis anticipated by these regulations. *See Osborne v. Comm'r of Soc. Sec.*, 1:08cv49, 2009 WL 321605 (W.D. Mich. Feb. 10, 2009) (finding that ALJ's failure to set forth a more structured review of claimant's alcohol abuse did not warrant remand where ALJ concluded that claimant had RFC to perform his past relevant work independent of his alcohol abuse).  The Court concludes that without this analysis, it cannot properly determine whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards.  *See* 42 U.S.C. § 405(g).  For this reason, and the reasons identified by the Magistrate Judge, the Court finds that a remand is proper in this case.

Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's July 23, 2012 Report and Recommendation (Doc. 9).  Accordingly, it is hereby **ORDERED** that:

1. The decision of the Commissioner to deny Plaintiff DIB benefits be **REVERSED** and this matter be **REMANDED** under sentence four of 42 U.S.C. §405(g).

---

[1]Dr. Budan's testimony at the hearing before the ALJ does not clarify this point. The ALJ questioned Dr. Budan as follows:

Q: Okay.  Well, did you [sic] alcohol impairments contribute to any of his limitations as you described them?

A: Yes, alcohol is going to aggravate depression - anxiety and depression factors.  Alcohol is a well known depressant, the rebound effects after heavy drinking are a period of anxiety.

Q: Okay.  If the claimant became and remained totally abstinent, would you make changes to the impairments you've described?

A: Not after my [INAUDIBLE], not in my B section, sir.

(Tr. 41-42.)

2. On remand, the ALJ shall: 1) properly assess and evaluate the opinion evidence, and provide a clear explanation for the conclusions reached; 2) reevaluate Plaintiff's alcohol use in accordance with agency regulations and controlling law; 3) properly consider Plaintiff's credibility and complaints of pain; and 4) consider any additional evidence submitted by Plaintiff relating to his April 2010 stroke.

3. This matter is **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　*/s/ Michael R. Barrett*
　　　　　　　　　　　　　　　　　　Michael R. Barrett, Judge
　　　　　　　　　　　　　　　　　　United States District Court