United States District Court
Southern District of Ohio
Western Division

CLARENCE BUTTREY,

    Plaintiff,

vs.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:11-cv-357

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This is a Social Security disability benefits appeal for which the Court, acting pursuant to sentence four of 42 U.S.C. § 405(g), reversed the non-disability finding of the Administrative Law Judge ("ALJ"), and ordered a remand to the ALJ for further proceedings. (Docs. 9, 11).  Now before the Court is a motion by Plaintiff's counsel for a contingency fee award in the amount of $15,578.73. (Doc. 16).  The motion is premised upon 42 U.S.C. § 406(b)(1)(A).[1] See *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir.1994) (en banc).  The Commissioner opposes the motion, asserting that the such an award would amount to a windfall for Plaintiff.  (Doc. 17).

---

[1]Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Plaintiff entered into a fee agreement with his counsel authorizing a 25% contingency fee of past due benefits payable to Plaintiff. (Tr. 94, 95).  Following remand by this Court on September 7, 2012, the Commissioner entered a fully favorable decision resulting in entitlement of past due benefits of over $95,814.90.  (Doc. 16). Thus, 25% of the total past due benefits is $23,953.73. The Social Security Administration withheld only $6,000 for attorney fees, as shown by the Administration's Notice of Award dated February 1, 2013.  To date, Counsel for Plaintiff has received the following in fees: $6,000.00 for SSD fees and $2,375.00 for EAJA fees, for a total of $8,375.00. The amount requested by Counsel is the full 25% of past due benefits ($23,953.73) minus the amount of fees already received ($8,375.00) which equals $15,578.73.

As noted above, Title 42 U.S.C. § 406(b) authorizes the Court to award attorney's fees following the successful prosecution of Social Security disability appeals. However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. 42 U.S.C. § 406(b). Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Section 406(b) "does not displace contingent-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id.*  A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption."  *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir.1989).  A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or

2

provided ineffective assistance, or (2) "counsel would ... enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir.1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.*

In the present case, the Commissioner asserts that the amount of attorney fees requested by Plaintiff would constitute a windfall. The Sixth Circuit has made clear that an "inordinately large benefit award" occasioned by the passage of time may constitute a windfall of attorney's fees, irrespective of any wrongdoing by counsel. *Dearing v. Sec. of Health and Human Servs.,* 815 F.2d 1082 (6th Cir.1987) (holding that contingency fee award could not exceed 25% of amount of back benefits accumulated by three months after the case was ready for decision, notwithstanding the fact that delay was not due to any fault of counsel); *see also Webb v. Richardson,* 472 F.2d 529 (6th Cir.1972) (holding that "[i]n no event should the fee exceed 25% of the past-due benefits that would have been due if judgment had been rendered within three months of the submission of the Secretary's reply brief"), overruled in part on other grounds, *Horenstein v. Sec'y of Health and Human Servs.,* 35 F.3d 261 (6th Cir.1994) (*en banc* ). *Webb* 's "three month rule" is not directly applicable to this case, since the determination

of benefits was not made by this Court, but instead was left to the agency on remand. However, the underlying principle remains a legitimate factor to consider. Courts are generally reluctant to award large contingency fees in social security cases in which the chief reason for the size of the award is the ponderous pace of the administrative process. *See, e.g. Thatch v. Com'r of Soc. Sec.,* Case No. 1:09–cv–454, 2012 WL 2885432 at 6 (N.D.Ohio, July 13, 2012) (finding it "perverse that an ultimately successful disabled claimant should be further punished by the delays of the administrative process").

Another method used to evaluate the reasonableness of a contingency award made under § 406(b) is to compare the "hypothetical" hourly rate, calculated by dividing the total fee by the number of hours expended, to the "standard rate" for similar cases. Although a strict "lodestar" approach would be improper, it is appropriate to consider the hypothetical rate as one factor for evaluating the reasonableness of a claimed fee in social security cases. Both the Supreme Court and the Sixth Circuit have provided lower courts with guidelines to determine whether the calculated hypothetical hourly rate is within reason, or a windfall. In *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 421–22 (6th Cir.1990), the Sixth Circuit provided the most concrete mathematical advice, suggesting that "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and an hourly rate that is equal to or greater than twice the standard rate may well be reasonable, where the contract is made contingent on the client's ultimate success." *Id.*

Here, Plaintiff's motion states that counsel expended 18.5 hours in federal court prior to obtaining an award on Plaintiff's behalf. (Doc.16). Dividing the requested fee of

4

$15,578.73 by 18.5 hours yields a hypothetical hourly rate of **$842.00** for work performed in this Court.

Most attorneys who practice in the area of social security law do not have an hourly rate, but instead rely upon contingent fee agreements. However, in other recent social security cases, this Court has indicated that $350.00 to $360.00 per hour represents a *"per se* reasonable" fee under § 406(b), because those hourly rates fall within the twice-the-standard-rate presumption of *Hayes. Accord Byers v. Astrue,* Civil Case No. 3:08–cv–92, 2012 WL 5504908 at *3 (S.D.Ohio Nov.13, 2012) (Rice, J.) (approving hourly rate of $122.23, suggesting that rate of $350.00 might represent an appropriate upper limit); *Jones v. Astrue,* Case No. 3:09–cv–80, 2012 WL 3251865, at *3 (S.D.Ohio Aug.8, 2012) (recommending the reduction of an effective hourly rate under a contingency agreement, from $750.00 to $360.00), adopted at 2012 WL 3763909 (S.D.Ohio, Aug.29, 2012) (Rice, J.); *Vaughn v. Astrue,* Case No. 3:08–cv–377, 2012 WL 3585928, at *3 (S.D.Ohio Aug.20, 2012) (finding $302.86 to be an appropriate, as less than twice a standard rate of $180.00); *Edwards v. Com'r of Soc. Sec.,* Case No. 1:08–cv–815, 2011 WL 1002186 (S.D.Ohio March 16, 2011) (Dlott, J., approving calculated hourly rate of $312.26 as "less than twice the $165 hourly rate approved by this Court in the award of fees under the EAJA."); *Stonitsch v. Astrue,* Case No. 1:09–cv–593, 2012 WL 5378744 (S.D. Oct. 30, 2012) (Spiegel, J.) (reducing "unreasonable" hourly rate from $600.17 to $360.00).

As noted above, the contingency fee agreement between Plaintiff and his counsel provides for 25% of past-due benefits. However, it appears that the full contracted fee would result in an inordinately large sum due primarily to the passage of

<: Case: 1:11-cv-00357-MRB-SKB Doc #: 19 Filed: 04/23/14 Page: 6 of 7 PAGEID #: 909

time, since May 2005, the filing of Plaintiff's application for benefits. Reviewing all relevant factors including the ultimate success of the Plaintiff and in recognition of counsel's experience and skill, a fee at the high end of the hypothetical hourly range is appropriate. Accordingly, the undersigned recommends that Plaintiff's counsel be awarded a total fee of $7,400.00, representing a fee under § 406(b) that reflects a hypothetical hourly rate of $400.00 x 18.5.[1]

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Plaintiff's motion for attorney's fees (Doc. 16) be **GRANTED IN PART,** with Plaintiff's counsel to be awarded an additional fee under 42 U.S.C. § 406(b) of $7,400.00. **IT IS FURTHER RECOMMENDED THAT** Plaintiff's counsel return the previously awarded the EAJA fees to the claimant.[2]

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] This still exceeds the amount this Court has previously found to be on the high end of reasonable hourly rates.

[2] When fees are awarded pursuant to 42 U.S.C. § 406(b) and the EAJA, an attorney is not allowed to keep both fees. The 1985 amendment to the EAJA provided that if fees are awarded to an attorney under both statutes, the attorney must refund to the plaintiff the amount of the smaller fee. *See* section 3 of Public Law 99–80.

**United States District Court**
**Southern District of Ohio**
**Western Division**

CLARENCE BUTTREY,

    Plaintiff,

vs.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:11-cv-357

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).