UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clarence Buttrey,

      Plaintiff,                               Case No.  1:11cv357

      v.                                        Judge Michael R. Barrett

Michael J. Astrue,
Commissioner of Social Security

      Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's April 23, 2014 Report & Recommendation ("R&R") recommending that Plaintiff's Motion for Attorney's Fees be granted in part, with Plaintiff's counsel to be awarded an additional fee under 42 U.S.C. § 406(b) of $7.400.00; and Plaintiff's counsel return the previously awarded EAJA fees to the claimant.  (Doc. 19).

Proper notice was given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Plaintiff filed objections to the R&R.  (Doc. 20).

Following remand by this Court on September 7, 2012, the Commissioner entered a fully favorable decision resulting in entitlement of past due benefits of over $95,814.90.  Based on the fee agreement between Plaintiff and his counsel, counsel would be entitled to a 25% contingency fee, or $23,953.73, of the past due benefits. Plaintiff's counsel has requested a contingency fee award in the amount of $15,578.73,

which is $23,953.73 (25% of past due benefits) minus $8,375.00 (amount of fees already received for SSD and EAJA fees). The Commissioner opposed Plaintiff's motion, arguing that the award would amount to a windfall for Plaintiff.

The Supreme Court has explained that "§ 406(b) does not displace contingent-fee agreements within the statutory [25 percent] ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 808-809 (2002).

The Magistrate Judge noted that dividing the requested amount of $15,578.73 by the 18.5 hours counsel spent representing Plaintiff in this case yields a hypothetical hourly rate of $842.00. The Magistrate Judge explained that the large sum of past benefits due to Plaintiff was primarily due to the passage of time. The Magistrate Judge reviewed cases from this district finding that $350.00 to $360.00 per hour represents a reasonable rate under Section 406(b) because those hourly rates fall within the twice-the-standard-rate presumption set forth in *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) ("a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable."). Based on this analysis, the Magistrate Judge recommends that this Court grant attorney fees in the amount of $7,400.00, which would equate to a hypothetical hourly rate of $400.00, which she points out is slightly more than the doubled presumed reasonable hourly rate of $350.00 to $360.00 awarded by this Court in other similar cases.

Counsel for Plaintiff admits that a hypothetical hourly rate of $842.00 is very high, but points out that the inherent in the nature of the contingent fee process is the risk that

an attorney will receive no payment for services performed, and the large fees make up for the other cases in which the attorney has not been paid for her services.

The Sixth Circuit acknowledged as much in *Hayes*:

> We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. *See, e.g.*, *Kirchoff v. Flynn*, 786 F.2d 320, 326 (7th Cir. 1986) ("[w]ithout a floor the introduction of a cap would depress average fees below their expected level in the private market"). Such a result would thwart Congress's intention to assure social security claimants of good representation. *See Rodriquez [v. Bowen]*, 865 F.2d [739, 744 (6th Cir. 1989)] ("[t]he fee approval provision is also designed to assure adequate compensation to the claimant's attorney and as a consequence to encourage attorney representation").

923 F.2d at 422.

Counsel for Plaintiff explains that if this Court finds that awarding an attorney fee of $15,578.73 would constitute a windfall, then Plaintiff requests that this Court approve an attorney fee which is similar to those awarded in other cases. Plaintiff explains further that by using a hypothetical hourly rate of approximately $650.00 to $700.00 would result in a fee of $12,025.00 to $12,950.00.

The undersigned has previously awarded a requested fee of $14,350.00, which when divided by the 20.5 hours counsel worked on the case produced a hypothetical fee of $700.00 per hour. *Jodrey v. Comm'r of Soc. Sec.*, No. 1:12CV725, 2015 WL 1285890, at *1 (S.D. Ohio Mar. 19, 2015). As the Magistrate Judge explained in that case:

> Courts in this jurisdiction have consistently awarded hourly rates significantly higher than $350.00 to $360.00 in comparable cases. *See Wagner v. Comm'r of Soc. Sec.*, No. 1:10–cv–784, 2014 WL 1045898, at *3 (S.D.Ohio Mar.14, 2014) (Report and Recommendation) (Litkovitz,

3

> M.J.), adopted. No. 1:10–cv–784, 2014 WL 1338092 (S.D. Ohio Apr. 2, 2014) (citing, *e.g.*, *Wright v. Astrue*, No. 3:09–cv–l 15, 2012 WL 3023258 (S.D.Ohio July 24, 2012) (adopting Report and Recommendation that the plaintiff be awarded contingency fee award with a computed hourly rate of $539.57); *Pencil v. Astrue*, No. 3:10–cv–394, 2012 WL 4364273 (S.D.Ohio Sept. 24, 2012) (approving contingency fee award of $11,745.98 with a computed hourly rate of $546.32); *Burney v. Astrue*, No. 3:07–cv–419, 2011 WL 1675264 (S.D.Ohio May 3, 2011) (adopting Report and Recommendation that the plaintiff be awarded a contingency fee award of $15,360.00 where the computed hourly rate was $646.74); *Thacker v. Astrue*, No. 3:08–cv–135, 2011 WL 1660201 (S.D.Ohio May 3, 2011) (adopting Report and Recommendation that the plaintiff be awarded a contingency fee award of $13,650.00 with a computed hourly rate of $620.00)).

*Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-CV-725, 2015 WL 799770, at *4 (S.D. Ohio Feb. 25, 2015) report and recommendation adopted, No. 1:12CV725, 2015 WL 1285890 (S.D. Ohio Mar. 19, 2015). Other courts within the Sixth Circuit have made similar awards. *Scappino v. Comm'r of Soc. Sec. Admin.*, No. 1:12-CV-02694, 2015 WL 7756155, at *3 (N.D. Ohio Dec. 1, 2015) (awarding hypothetical hourly rate of $745.86); *Ballatore v. Comm'r of Soc. Sec.*, No. 11-15335, 2015 WL 5830836, at *9 (E.D. Mich. Aug. 5, 2015) report and recommendation adopted, No. 11-CV-15335, 2015 WL 5772000 (E.D. Mich. Oct. 2, 2015) (awarding a hypothetical hourly rate of $616.82).

In doing so, some courts have referred to studies of billing rates conducted by state bar associations. For instance, in a recent decision by a district court in Michigan, the court explained:

> According to the most recently reported data from the State Bar of Michigan, the 95th percentile figure for hourly billing rates for public benefits lawyers in Michigan is $395 per hour. Economics of Law Practice, at 11. Considering that claimants typically prevail in about 50% of appeals from administrative decisions under the Social Security Act, *Hayes*, 923 F.2d at 422, a hypothetical hourly rate even as high as $790 would not indicate that counsel could be expected to receive overall compensation in the course of his contingent fee practice that fairly could be regarded as extraordinarily high, compared with his colleagues doing

4

the same work on a hourly fee basis.

*Sykes v. Comm'r of Soc. Sec.*, No. 12-14874, 2015 WL 7008572, at *6 (E.D. Mich. Nov. 12, 2015).

In the most recent study conducted by the Ohio State Bar Association, "The Economics of Law Practice in Ohio in 2013," the 95th percentile figure for hourly billing rates for public benefits lawyers in Ohio is $448.  *See* The Economics of Law Practice in Ohio in 2013, Ohio State Bar Association (https:// www.ohiobar.org/2013econstudy).

Counsel for Plaintiff, Shoshana Pehowic, was admitted to the Ohio State bar in 2002.  (Doc. 13-2 PAGEID # 876).  Ms. Pehowic handles Social Security claims exclusively.  (Id.)  Ms. Pehowic achieved an excellent result for her client in this case when, upon remand, the Commissioner entered a fully favorable decision resulting in entitlement of past due benefits of over $95,814.90.  The work done by Ms. Pehowic was not minimal, as she spent 18.5 hours working on this matter.  The Court finds that a fee in the amount of $12,025.00 does not represent a "windfall" or an inordinately large payment for that work.  That amount results in a hypothetical hourly rate of $650 per hour, which is less than two times the top hourly billing rates for public benefits lawyers in Ohio.  Moreover, this Court has awarded a hypothetical hourly fee of $689.38 to Ms. Pehowic in another case.  *Wagner v. Comm'r of Soc. Sec.*, No. 1:10-CV-784, 2014 WL 1045898, at *2 (S.D. Ohio Mar. 14, 2014) report and recommendation adopted, No. 1:10CV784, 2014 WL 1338092 (S.D. Ohio Apr. 2, 2014).  Therefore, in this instance, the Court finds that a fee of $12,025.00 is reasonable.

Accordingly, the Magistrate Judge's April 23, 2014 R&R (Doc. 19) is **ADOPTED in PART**.  Plaintiff's Motion for Attorney's Fees (Doc. 16) is granted in part.  Plaintiff's

counsel to be awarded an additional fee under 42 U.S.C. § 406(b) of $12,025.00; and Plaintiff's counsel is ordered to return the previously awarded EAJA fees to the claimant.

**IT IS SO ORDERED.**

                                                */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT